Nancy M. CULBERTSON, Plaintiff–Appellee,

v.

LIBCO CORPORATION, Defendant–Appellant.

No. 91–3644.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 19, 1992.

Decided Jan. 6, 1993.

Rehearing Denied Feb. 11, 1993.

Thomas P. Ward (argued), Mary A. Francis, McBride, Baker & Coles, Chicago, IL, for plaintiff-appellee.

Morton Denlow, Michael D. Richman (argued), Dardick & Denlow, Chicago, IL, for defendant-appellant.

Before CUMMINGS and MANION, Circuit Judges, and KAUFMAN, Senior District Judge.*

CUMMINGS, Circuit Judge.

Plaintiff Nancy M. Culbertson resides in Vero Beach, Florida, and is a citizen of that state. Defendant Libco Corporation ("Lib-co"), a Delaware corporation, has its corporate headquarters and principal place of business in Chicago. This diversity suit was brought to recover overdue past installments and interest on a note for $110,-381 payable by Libco to plaintiff's late husband, Samuel A. Culbertson II. At the time of the complaint plaintiff asserted that she was owed $78,726.18, including interest plus reasonable attorney's fees as provided in the note, and therefore the complaint sought judgment for $89,000 plus interest and costs.

Defendant filed a motion to dismiss on the ground that plaintiff had only a 50% interest in the note, so that the $50,000 jurisdictional amount in 28 U.S.C. § 1332(a)(1) was not satisfied even by adding attorney's fees sought by plaintiff under the note. The motion to dismiss also claimed that Northern Trust Company as trustee under the will of plaintiff's sister-in-law, Vesta C. Morse, was an indispensable party, so that diversity of citizenship was lacking. The district court rendered an opinion holding that the jurisdictional amount was satisfied because plaintiff was the sole legal titleholder of the note, making the amount in controversy equal to the full value of the note plus costs. The court also held that complete diversity existed because plaintiff was the only successor to her late husband, the holder of the Libco note, and thus failure to join Northern Trust Company, the trustee of Vesta C. Morse's estate, did not amount to a failure to join an indispensable party. Libco preserved its jurisdictional objections below and stipulated to the amount of damages, and the district court ordered Libco to pay Culbertson for the full amount of the note plus costs, or $90,918.60. The sole question on appeal, then, is whether the district court had jurisdiction to enter its judgment. We affirm the district court's disposition.

FACTS

Plaintiff sued Libco on its October 31, 1984, note issued to Samuel A. Culbertson II, plaintiff's husband. Prior to his death,

* The Honorable Frank A. Kaufman, Senior District Judge for the District of Maryland, is sitting by designation.

Mr. Culbertson was the sole owner of an undivided 8.405% interest in Sierra Capital Group ("SCG"), a limited partnership. That partnership's principal investments were in stock issued by corporations controlled or managed by Clyde W. Engle, the general partner of SCG and president of Libco. After Mr. Culbertson's death in 1980, plaintiff became his personal representative and sole legatee. Through her counsel, she sent frequent requests to SCG and Engle to change the registration of Mr. Culbertson's SCG interest to plaintiff, the executor. Engle refused to acknowledge plaintiff's executorship and continued to make all payments under the note to "Sam Culbertson II." SCG was liquidated in 1984 and on November 9 of that year, Culbertson's estate received 83 shares of Libco stock for his interest in SCG. Libco then gave the estate the note in question, payable to the order of Samuel A. Culbertson II, in exchange for his 83 shares of Libco. Four of the six installments under the note were eventually paid to plaintiff but Libco never paid the fifth and sixth installments due and payable on January 2, 1990, and January 2, 1991, thus causing plaintiff to file this suit.

In April 1982, the Samuel Culbertson estate settled a claim made by his sister, Vesta C. Morse. The settlement included a declaration of trust providing that plaintiff would hold the SCG interest in trust and that Mrs. Morse, as the beneficiary of the trust, would be entitled to the "earnings, avails and proceeds" from one-half of Samuel Culbertson's estate's interest in SCG. The Culbertson estate was the beneficiary of the other half of the trust. The declaration of trust also provided that no beneficiary would have any right, title or interest in the legal or equitable title to the SCG property, so that plaintiff Nancy Culbertson, as executor of her husband's estate, retained legal title to the entire 8.405% SCG interest. After her husband's estate was closed in August 1988, plaintiff received the note and became its legal owner in her individual capacity, just as she had been in her capacity as executor. When the four installments under the note were

received, plaintiff remitted one-half of those proceeds to Vesta C. Morse's estate.

In August 1991, the parties stipulated that the entire amount still owed by Libco on the note was $90,918.60 and therefore Judge Aspen granted plaintiff judgment in that amount. Mrs. Vesta C. Morse's estate's share in that amount was not involved in the judgment and is not before this Court.

AMOUNT IN CONTROVERSY

 As previously stated, Libco first challenges the district court's jurisdiction on "amount in controversy" grounds, arguing that plaintiff only was entitled to half the proceeds of the note, and therefore that plaintiff does not show the $50,000 in controversy required by 28 U.S.C. § 1332(a)(1). This argument fails because a trustee may litigate on behalf of a trust in federal court where the amount of the trust exceeds the jurisdictional minimum. *Bullard v. City of Cisco*, 290 U.S. 179, 187–189, 54 S.Ct. 177, 180, 78 L.Ed. 254. See also *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425. It matters not whether certain individual beneficial interests are less than the jurisdictional minimum. In this case, it matters not that the plaintiff held a 50% beneficial interest in the proceeds of the note after her husband's estate closed. Samuel Culbertson's estate held title to the note and the payments due on the note totaled over $89,000, well in excess of the jurisdictional minimum. As trustee of Samuel Culbertson's estate, plaintiff was entitled to litigate for the estate to recover the remaining payments due under the note. When her husband's estate closed, plaintiff retained the title to the note and the right to litigate its collection.

Libco's own conduct before this litigation further undermines its claim that plaintiff failed to show the required amount in controversy. When Libco's president signed the note in question, he knew that Samuel Culbertson had been dead for four years and that plaintiff was sole executrix of his estate. When Libco made the four installment payments under the note, each letter of transmittal was addressed to attorney

"Mr. Tom Ward (for Sam Culbertson II)," whereas nothing was addressed to Vesta C. Morse's estate. Libco thus demonstrated its understanding that under plaintiff's declaration of trust, plaintiff retained legal title to the note, with 50% of the beneficial proceeds going each to the Culbertson estate and Vesta C. Morse. Libco's conduct recognized one trustee, not two beneficiaries. It was not until this lawsuit was filed in 1991 that Libco asserted that Vesta Morse's estate held a 50% interest in the note and thus argued that plaintiff failed to meet the $50,000 jurisdictional amount required by 28 U.S.C. § 1332(a)(1). Under *Bullard v. City of Cisco, id.,* the "amount in controversy" is measured by the amount held in trust, which here exceeded the $50,000 limit.

## COMPLETE DIVERSITY

■ Libco also challenges the district court's jurisdiction on the grounds that this suit lacks an indispensable party whose joinder would destroy the "complete diversity" of parties first required by *Strawbridge v. Curtiss,* 7 U.S. 267, 3 Cranch 267, 2 L.Ed. 435. The alleged indispensable party is Northern Trust Company of Chicago, an Illinois citizen, which became the testamentary trustee of Vesta Morse's beneficial interest in the note upon her death. This argument fails because Vesta Morse's only rights related to this case arise from her settlement with Samuel Culbertson's estate. Her counsel's affidavit shows that neither Vesta Morse, her estate nor her trustee has any rights against Libco Corporation based on the installment note at issue; the affidavit looks to plaintiff to distribute the proceeds of this judgment under the 1982 declaration of trust established by plaintiff. Vesta Morse's estate's ability to protect her interest will not be impeded by her trustee's absence from these proceedings, and thus Northern Trust Company is not an indispensable party. As we held in *F. & H.R. Farman–Farmaian Consulting Engineers v. Harza Engineering Co.,* 882 F.2d 281, 284 (7th Cir.1989), certiorari denied, 497 U.S. 1038, 110 S.Ct. 3301, 111 L.Ed.2d 809 (1990), the relevant citizenship for diversity purposes is that of the named plaintiff and not that of the persons on whose behalf she is suing. *Farman* recognized that "whether [a diversity] suit can be maintained will depend on whether the named parties are the real parties in interest * * *." Here the named parties are the real parties in interest and no indispensable party has been left out. Under Rule 19(a) of the Federal Rules of Civil Procedure, a person should not be joined as a party if that joinder would deprive the court of jurisdiction where (as here) complete relief otherwise could be accorded among those already parties.

■ Finally, Mrs. Vesta Morse was a resident of Pasadena, California, when her interest in the proceeds of the note was established in 1982. For suits like this filed after May 18, 1989, her legal representatives are deemed to be citizens of the same state as the decedent, *Northern Trust Co. v. Bunge Corp.,* 899 F.2d 591, 594 (7th Cir.1990), and thus diversity jurisdiction would exist even if Northern Trust Company were made a party.

Diversity jurisdiction exists in this case because plaintiff is a Florida citizen and defendant is a Delaware citizen, because as trustee plaintiff had legal title to the note proceeds and control of the litigation that claimed the proceeds, and because plaintiff's claim exceeded the minimum amount required by law. *Navarro Savings Ass'n v. Lee,* 446 U.S. 458, 464, 100 S.Ct. 1779, 1783, 64 L.Ed.2d 425; *Goldstick v. ICM Realty,* 788 F.2d 456, 458 (7th Cir.1986). The citizenship of trust beneficiary Vesta Morse is immaterial. *Carden v. Arkoma Associates,* 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157. Since the district court correctly denied Libco's motion to dismiss for lack of jurisdiction, its judgment is affirmed. Under the note, plaintiff is also entitled to reasonable costs and attorney's fees incurred in the course of this appeal.[1]

---

1. Within 30 days plaintiff's attorney shall submit an affidavit showing what reasonable costs

---

and attorney's fees plaintiff has incurred in the course of this appeal. Defendant may file an opposing affidavit within 10 days thereafter.